| | | |
|---|---|---|
| Anthony J. Marcano<br>8162 Washington Blvd., Unit 241<br>Jessup, MD 20794 | * | IN THE |
| | * | CIRCUIT COURT FOR |
| Plaintiff, | * | BALTIMORE CITY |
| v. | * | |
| Baltimore City Board of School Commissioners<br>200 E. North Ave., Room 406<br>Baltimore, MD 21202 | * | |
| | * | |
| Serve on:<br>Christian Gant, Board Executive Officer<br>200 E. North Ave., Room 406<br>Baltimore, MD 21202 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW**, Anthony Marcano, by and through his attorneys, Paul V. Bennett, Esq., Jeffrey J. Sadri, Esq., and the law office of Bennett & Ellison, P.C., and hereby sues the Baltimore City Board of School Commissioners (hereinafter referred to as "Baltimore City Board"), and states as follows:

### JURISDICTION AND VENUE

1. This Court may exercise personal jurisdiction over Defendant Baltimore City Board pursuant to the Maryland Code, Courts and Judicial Proceedings Article, § 6-102 (2018), as the Defendant maintains their principal place of business in Maryland and may be served with process in Maryland.

2. This Court constitutes the proper venue pursuant to the Maryland Code, Courts and Judicial Proceedings Article, § 6-201 (2018) and State Government Article, § 20-1013 (2018), as the Defendant carries on regular business in Baltimore City,

1

Maryland and all actions giving rise to the instant lawsuit occurred in Baltimore City, Maryland.

3. That at all times relevant hereto, Defendant Baltimore City Board employed fifteen (15) or more persons, and is an "employer" within the meaning of the MD. CODE ANN., STATE GOV'T § 20-601 (2018) ("Maryland Code") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* (2018) ("ADA").

4. Defendant Baltimore City Board is a body politic and corporate entity formed in Baltimore City, Maryland, which provides public education to Baltimore City, Maryland, and consequently may be sued as a party defendant.

5. Educational matters which affect Baltimore City, Maryland, are under the control of Defendant Baltimore City Board.

6. That all the actions complained of herein took place at schools which are part of the Baltimore City Public School system (hereinafter "BCPS"). Defendant Baltimore City Board operates and manages Baltimore City Public Schools.

7. In accordance with the Maryland Code and ADA, Plaintiff initiated contact with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 1, 2018.

8. On or about June 7, 2018, Plaintiff timely filed a Charge of Discrimination with the EEOC against BCPS.

9. Plaintiff complied with MD. CODE ANN., CTS. & JUD. PROC. § 5-301, *et seq.* (2018) ("Local Government Tort Claims Act"). Within one (1) year after the injury (late-August of 2017 failure-to-accommodate, *infra*), BCPS had actual notice of Plaintiff's injury. *See id.* at 5-304(e).

10. On September 24, 2018, Plaintiff received a Notice of Right to Sue from the EEOC. Therefore, Plaintiff properly exhausted his administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff was hired by BCPS on or about August 28, 2002 as an Individualized Education Program ("IEP") Instructional Associate. In or about 2012, Plaintiff became a Counselor with BCPS.

12. Plaintiff's job duties as a Counselor included, without limitation, advising students on college and career options, and consulting with staff about students' issues.

13. Plaintiff suffers from polyarthropathy and rheumatoid arthritis. Plaintiff thereby has a permanent physical impairment which substantially affects his ability to engage in major life functions, such as walking, lifting, and performing manual tasks. Plaintiff thereby has a disability within the meaning of the Maryland Code and ADA.

14. At all times relevant herein, Defendant was aware of Plaintiff's disability.

15. Plaintiff is able to perform the essential functions of his position as Counselor with or without reasonable accommodations. Plaintiff is thereby a "qualified individual" with a disability under the Maryland Code and ADA.

16. As of September of 2018, Plaintiff's salary was approximately ninety thousand seventy-two dollars ($90,072.00).

17. In approximately 2011, Plaintiff was assigned to Curtis Bay Elementary School (part of BCPS) as a Counselor. Lynnea Cornish, Principal of Curtis Bay Elementary School, served as Plaintiff's immediate supervisor.

18. From approximately August of 2012 to August of 2014, Ms. Cornish and William Nolen, Assistant Principal of Curtis Bay Elementary School, did not grant Plaintiff's request for reasonable accommodations for his disability – that he be allowed to take his lunch break at the end of the day so that he may subsequently attend medical appointments.

19. In or about April of 2014, Plaintiff suffered from a stroke which impaired his motor skills. Plaintiff still suffers from said impairment.

20. On or about August 20, 2014, Plaintiff made the Defendant aware of his stroke and the limitations it caused.

21. On or about August 20, 2014, Plaintiff filed a complaint of discrimination with the Defendant due to the ongoing refusal to provide him with a reasonable accommodation at work.

22. Coincidentally, also on or about August 20, 2014, Plaintiff submitted another request for reasonable accommodations to the Defendant. Plaintiff requested assignment to a school with a dismissal time of 2:30 p.m. or earlier so that he could subsequently attend medical appointments, that he be assigned to a school which was near his medical providers, and that he be permitted to exercise his lunch break at the end of the school day so that he could thereafter receive medical treatment. Plaintiff thereby requested job restructuring and/or a modified work schedule as his reasonable accommodation(s).

23. Plaintiff explained to Defendant at that time that a full-time assignment to Curtis Bay Elementary School accommodated his disability because the School had a dismissal

time of approximately 2:25 p.m. and was in close proximity to his medical providers. Therefore, Plaintiff asked to remain at Curtis Bay Elementary School.

24. On or about October 14, 2014, Plaintiff submitted additional medical documentation which supported his request for accommodations.

25. On or about November 17, 2014, Defendant permitted Plaintiff to stay at Curtis Bay Elementary School and allowed him to take his lunch break at the end of the school day (at 1:50 p.m.) so that he could subsequently attend doctor's appointments, thereby granting Plaintiff's request for reasonable accommodations.

26. From approximately November 17, 2014 to July of 2017, Defendant accommodated Plaintiff.

27. In late August of 2017, without explanation, Defendant transferred Plaintiff to City Neighbors High School (part of BCPS).

28. Cheyanne Zahrt, Principal of City Neighbors High School, became Plaintiff's immediate supervisor.

29. Plaintiff advised Defendant that the involuntary reassignment to City Neighbors High School ignored the accommodations he was previously given for his disability. Defendant asserted that Plaintiff would not be able to perform his job duties with accommodations.

30. City Neighbors High School was far away from Plaintiff's medical providers (at least forty-five (45) minutes farther away than when Plaintiff was assigned to Curtis Bay Elementary School) and had a dismissal time of 4:00 p.m. Defendant thereby failed to accommodate Plaintiff's disability.

31. Because of Plaintiff's involuntary transfer to City Neighbors High School, Plaintiff often missed doctor's appointments and/or could not be scheduled for appointments, thereby worsening Plaintiff's medical condition.

32. Because of Plaintiff's worsened medical condition, he exercised sick leave from January to June of 2018.

33. In August of 2018, Defendant told Plaintiff that he would remain at City Neighbors High School.

34. Plaintiff reiterated that said assignment contravened his accommodations which had previously been granted.

35. Since September of 2018, Defendant has not assigned Plaintiff to any school affiliated with BCPS. As such, since September of 2018, Plaintiff has not received any compensation from Defendant.

36. Defendant Baltimore City Board, through their agents and/or employees, thereby condoned, ratified, authorized, and/or engaged in discriminatory and retaliatory acts as described in this Complaint.

37. At all times relevant herein, Plaintiff met and/or exceeded Defendant's legitimate job expectations.

**[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

## COUNT I
## DISABILITY DISCRIMINATION
### (Failure to Accommodate)
### Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101, *et seq.*

38. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Title I of the ADA, 42 U.S.C. §§ 12111-12117 imposes an obligation on employers to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, unless doing so would impose an undue hardship on the employer.

40. Defendant Baltimore City Board is a "covered entity" and "employer" under Title I of the ADA.

41. At all times mentioned herein, Plaintiff has suffered from polyarthropathy and rheumatoid arthritis, and he can perform the essential functions of the Counselor job position with or without reasonable accommodations. As such, Plaintiff is a "qualified individual" with a disability under the ADA.

42. At all times relevant herein, Defendant was aware of Plaintiff's disability.

43. On or about August 20, 2014, Plaintiff submitted a request for reasonable accommodations to the Defendant. Plaintiff requested assignment to a school with a dismissal time of 2:30 p.m. or earlier so that he could subsequently attend medical appointments, that he be assigned to a school which was near his medical providers, and that he be permitted to exercise his lunch break at the end of the school day so that he could thereafter receive medical treatment. Plaintiff thereby requested job restructuring and/or a modified work schedule as his reasonable accommodation(s).

7

44. Plaintiff explained that a full-time assignment to Curtis Bay Elementary School accommodated his disability because the School had a dismissal time of approximately 2:25 p.m. and was in close proximity to his medical providers. Therefore, Plaintiff asked to remain at Curtis Bay Elementary School.

45. On or about October 14, 2014, Plaintiff submitted additional medical documentation which supported his request for accommodations.

46. On or about November 17, 2014, Defendant permitted Plaintiff to stay at Curtis Bay Elementary School and allowed him to take his lunch break at the end of the school day (at 1:50 p.m.) so that he could subsequently attend doctor's appointments, thereby granting Plaintiff's request for reasonable accommodations.

47. From approximately November 17, 2014 to July of 2017, Defendant accommodated Plaintiff. Therefore, accommodating Plaintiff did not impose an undue hardship on Defendant's business operations.

48. In late August of 2017, without explanation, Defendant transferred Plaintiff to City Neighbors High School (part of BCPS).

49. Plaintiff told Defendant that the involuntary reassignment to City Neighbors High School ignored the accommodations he was given for his disability. City Neighbors High School was far away from Plaintiff's medical providers (at least forty-five (45) minutes farther away than when Plaintiff was assigned to Curtis Bay Elementary School) and had a dismissal time of 4:00 p.m. Therefore, Defendant ignored Plaintiff's requests for reasonable accommodations and failed to give him same.

50. Because of Plaintiff's involuntary transfer to City Neighbors High School, Plaintiff often missed doctor's appointments and/or could not be scheduled for appointments, thereby worsening Plaintiff's medical condition.

51. Because of Plaintiff's worsened medical condition, he exercised sick leave from January to June of 2018.

52. In August of 2018, Defendant told Plaintiff that he would remain at City Neighbors High School.

53. Plaintiff once again told Defendant that said assignment contravened his accommodations which had previously been granted.

54. Since September of 2018, Defendant has not assigned Plaintiff to any school affiliated with BCPS. As such, Defendant has continued to refuse to accommodate Plaintiff, and consequently, he has not received any compensation from Defendant since September of 2018.

55. Defendant discriminated against Plaintiff by refusing to fulfill his reasonable accommodation requests, as required by the ADA, to allow him to perform the essential job functions of his position.

56. That the discriminatory actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, emotional distress, humiliation and mental anguish.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## DISABILITY DISCRIMINATION
### (Failure to Accommodate)
### MARYLAND CODE ANN.,
### STATE GOVERNMENT ARTICLE, § 20-606

57. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

58. Maryland law imposes an obligation on employers to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, unless doing so would impose an undue hardship on the employer.

59. Defendant Baltimore City Board is an "employer" under Maryland law.

60. At all times mentioned herein, Plaintiff has suffered from polyarthropathy and rheumatoid arthritis, and he can perform the essential functions of the Counselor job position with or without reasonable accommodations. As such, Plaintiff is a "qualified employee" with a disability under Maryland law.

61. At all times relevant herein, Defendant was aware of Plaintiff's disability.

62. On or about August 20, 2014, Plaintiff submitted a request for reasonable accommodations to the Defendant. Plaintiff requested assignment to a school with a dismissal time of 2:30 p.m. or earlier so that he could subsequently attend medical appointments, that he be assigned to a school which was near his medical providers, and that he be permitted to exercise his lunch break at the end of the school day so that he could thereafter receive medical treatment. Plaintiff thereby requested job restructuring and/or a modified work schedule as his reasonable accommodation(s).

63. Plaintiff explained that a full-time assignment to Curtis Bay Elementary School accommodated his disability because the School had a dismissal time of approximately 2:25 p.m. and was in close proximity to his medical providers. Therefore, Plaintiff asked to remain at Curtis Bay Elementary School.

64. On or about October 14, 2014, Plaintiff submitted additional medical documentation which supported his request for accommodations.

65. On or about November 17, 2014, Defendant permitted Plaintiff to stay at Curtis Bay Elementary School and allowed him to take his lunch break at the end of the school day (at 1:50 p.m.) so that he could subsequently attend doctor's appointments, thereby granting Plaintiff's request for reasonable accommodations.

66. From approximately November 17, 2014 to July of 2017, Defendant accommodated Plaintiff. Therefore, accommodating Plaintiff did not impose an undue hardship on Defendant's business operations.

67. In late August of 2017, without explanation, Defendant transferred Plaintiff to City Neighbors High School (part of BCPS).

68. Plaintiff told Defendant that the involuntary reassignment to City Neighbors High School ignored the accommodations he was given for his disability. City Neighbors High School was far away from Plaintiff's medical providers (at least forty-five (45) minutes farther away than when Plaintiff was assigned to Curtis Bay Elementary School) and had a dismissal time of 4:00 p.m. Therefore, Defendant ignored Plaintiff's requests for reasonable accommodations and failed to give him same.

11

69. Because of Plaintiff's involuntary transfer to City Neighbors High School, Plaintiff often missed doctor's appointments and/or could not be scheduled for appointments, thereby worsening Plaintiff's medical condition.

70. Because of Plaintiff's worsened medical condition, he exercised sick leave from January to June of 2018.

71. In August of 2018, Defendant told Plaintiff that he would remain at City Neighbors High School.

72. Plaintiff once again told Defendant that said assignment contravened his accommodations which had previously been granted.

73. Since September of 2018, Defendant has not assigned Plaintiff to any school affiliated with BCPS. As such, Defendant has continued to refuse to accommodate Plaintiff, and consequently, he has not received any compensation from Defendant since September of 2018.

74. Defendant discriminated against Plaintiff by refusing to fulfill his reasonable accommodation requests, as required under Maryland law, to allow him to perform the essential job functions of his position.

75. That the discriminatory actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, emotional distress, humiliation and mental anguish.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## DISABILITY DISCRIMINATION
### (Disparate Treatment)
### Americans with Disabilities Act of 1990, as amended
### 42 U.S.C. § 12101, *et seq.*

76. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

77. The ADA prohibits discrimination against qualified individuals with disabilities in the terms, conditions, and privileges of employment.

78. Defendant is a "covered entity" and "employer" under the ADA.

79. At all times relevant herein, Plaintiff has suffered, and continues to suffer, from a physical disability (polyarthropathy and rheumatoid arthritis) which substantially limits his ability to walk, lift, and perform manual tasks – "major life activities" under the ADA.

80. Plaintiff was satisfactorily performing his duties as a Counselor and could do so with or without reasonable accommodations, thereby rendering him a "qualified individual" under the ADA.

81. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his disability.

82. That the aforementioned acts constitute unlawful practices pursuant to the ADA.

83. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

84. That the unlawful employment practices complained of above were intentional.

85. That similarly-situated non-disabled individuals employed by BCPS, including, without limitation, Deborah Ene, employed at Curtis Bay Elementary School as an Individualized Education Program ("IEP") Team Associate and supervised by Ms. Cornish, were not subjected to the same or similar severe adverse employment actions that Plaintiff endured, including, but not limited to, denial of schedule modifications and/or flexibility, and denial of placement to a school affiliated with BCPS. Unlike the Plaintiff, Ms. Ene's requests that she be given flexibility with her work schedule, were granted.

86. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, emotional distress, humiliation, and mental anguish.

87. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## DISABILITY DISCRIMINATION
### (Disparate Treatment)
### MARYLAND CODE ANN.,
### STATE GOVERNMENT ARTICLE, § 20-606

88. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

89. Maryland law prohibits discrimination against qualified individuals with disabilities in the terms, conditions, and privileges of employment.

90. Defendant is an "employer" under Maryland law.

91. At all times relevant herein, Plaintiff has suffered, and continues to suffer, from a physical disability (polyarthropathy and rheumatoid arthritis) which substantially limits his ability to walk, lift, and perform manual tasks.

92. Plaintiff was satisfactorily performing his duties as a Counselor and could do so with or without reasonable accommodations, thereby rendering him a "qualified employee" under Maryland law.

93. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his disability.

94. That the aforementioned acts constitute unlawful practices pursuant to Maryland law.

95. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

96. That the unlawful employment practices complained of above were intentional.

97. That similarly-situated non-disabled individuals employed by BCPS, including, without limitation, Deborah Ene, employed at Curtis Bay Elementary School as an Individualized Education Program ("IEP") Team Associate and supervised by Ms. Cornish, were not subjected to the same or similar severe adverse employment actions that Plaintiff endured, including, but not limited to, denial of schedule modifications and/or flexibility, and denial of placement to a school affiliated with BCPS. Unlike the Plaintiff, Ms. Ene's requests that she be given flexibility with her work schedule, were granted.

98. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, emotional distress, humiliation, and mental anguish.

99. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT V**
**RETALIATION**
**(Adverse Actions and Protected Activity Deterrents)**
**Americans with Disabilities Act of 1990, as amended**
**42 U.S.C. § 12101, *et seq.***

100. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

101. The ADA prohibits retaliating against an individual for opposing a practice made unlawful by the ADA.

102. In or about late August of 2017, Plaintiff advised Defendant that the involuntary reassignment to City Neighbors High School ignored the accommodations he was previously given for his disability.

103. In accordance with the Maryland Code and ADA, Plaintiff initiated contact with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 1, 2018.

104. On or about June 7, 2018, Plaintiff timely filed a Charge of Discrimination with the EEOC against BCPS.

105. Plaintiff thereby engaged in "legally protected activity" under the ADA and was known by Defendant's supervisory employees to have occurred.

106. Since September of 2018, after Plaintiff made the aforementioned complaints, Defendant has refused to assign Plaintiff to a school affiliated with BCPS. Such an adverse job action amounts to illegal retaliation for complaining of discrimination and failure-to-accommodate.

107. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

108. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

109. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VI
## RETALIATION
## (Adverse Actions and Protected Activity Deterrents)
## MARYLAND CODE ANN.,
## STATE GOVERNMENT ARTICLE, § 20-606

110. Plaintiff hereby restates and incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

111. The Maryland Code, State Government Article prohibits retaliating against an individual for opposing a practice made unlawful by the State Government Article.

112. In or about late August of 2017, Plaintiff advised Defendant that the involuntary reassignment to City Neighbors High School ignored the accommodations he was previously given for his disability.

17

113. In accordance with the Maryland Code and ADA, Plaintiff initiated contact with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 1, 2018.

114. On or about June 7, 2018, Plaintiff timely filed a Charge of Discrimination with the EEOC against BCPS.

115. Plaintiff thereby engaged in "legally protected activity" under the Maryland Code and was known by Defendant's supervisory employees to have occurred.

116. Since September of 2018, after Plaintiff made the aforementioned complaints, Defendant has refused to assign Plaintiff to a school affiliated with BCPS. Such an adverse job action amounts to illegal retaliation for complaining of discrimination and failure-to-accommodate.

117. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

118. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

119. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Anthony Marcano, Plaintiff, demands judgment against Defendant Baltimore City Board of School Commissioners as follows:

a. Compensatory damages in excess of $75,000.00;

b. Backpay and interest on same;

c. Prejudgment and post judgment interest;

d. Award attorney's fees and costs, including expert witness fees, as allowed by law;

e. Reinstate Plaintiff to his position as Counselor (or a substantial equivalent) with BCPS;

f. Provide Plaintiff with reasonable accommodations for his disability;

g. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com

Jeffrey J. Sadri, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: jsadri@belawpc.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Anthony Marcano, by and through his attorneys, Paul V. Bennett, Esq., Jeffrey J. Sadri, Esq., and the law offices of Bennett & Ellison, P.C., hereby demands that this above captioned matter be tried before a jury on all issues so triable.

Respectfully submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com

Jeffrey J. Sadri, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: jsadri@belawpc.com

*Attorneys for Plaintiff*